

FILED
08/16/2024
Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA
Case Number: DA 24-0211

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 24-0211

FILED

AUG 16 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

IN THE MATTER OF:

C.T.,                                                    O R D E R

A Youth in Need of Care.

Robin Meguire, counsel for the Appellant Mother in this matter, filed a motion and brief asking to be allowed to withdraw from this appeal on grounds that counsel has been unable to find any nonfrivolous issues to raise on appeal, pursuant to § 46-8-103(2), MCA, and *Anders* v. *California,* 386 U.S. 738, 87 S. Ct. 1396 (1967).

In cases involving the termination of parental rights, the procedures set forth in *Anders* must be followed when appointed counsel asks to be allowed to withdraw from the appeal. The purpose of *Anders* was to guarantee "substantial equality and fair process" to indigent appellants by requiring appointed counsel to act "in the role of an active advocate in behalf of [the] client." *Anders*, 386 U.S. at 744. This requires that appointed counsel "support [the] client's appeal to the best of [counsel's] ability," referring in the brief to "anything that might arguably support the appeal." *Anders*, 386 U.S. at 744. Section 46-8-103(2), MCA, sets forth, in relevant part, that a motion to withdraw "must be accompanied by a memorandum discussing any issues that arguably support an appeal," and this memorandum "must include . . . appropriate citations to the record and to the pertinent statutes, case law, and procedural rules bearing upon each issue discussed in the memorandum."

In the present case, counsel's brief does not set forth the issues that arguably support an appeal in this case. The brief contains a single paragraph that enumerates, in serial

fashion, "potential issues" that generally may arise in a dependent-neglect case. It does not, however, apply relevant law to the facts of this particular case. For example, counsel asserts, "Mother may wish to argue that she received ineffective assistance of trial counsel," but counsel provides no guidance as to how trial counsel may have potentially been ineffective. Counsel's brief thus does not adequately comply with the requirements of *Anders* and § 46-8-103(2), MCA.

IT IS THEREFORE ORDERED that counsel's motion for permission to withdraw is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that counsel's *Anders* brief is STRICKEN FROM THE RECORD.

IT IS FURTHER ORDERED that counsel shall have 30 days from the date of this order in which to file an *Anders* brief that complies with the requirements of *Anders* and § 46-8-103(2), MCA, and sets forth potentially appealable issues specific to this case, along with "appropriate citations to the record and to the pertinent statutes, case law, and procedural rules bearing upon each issue discussed."

The Clerk is directed to provide copies of this Order to all counsel of record and to Mother personally.

DATED this ⎽⎽16⎽⎽ day of August, 2024.

For the Court,

By ⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽
Chief Justice

2